FILED
CLERK

10/3/2024 10:58 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE LCF GROUP, INC.,

                    Plaintiff,

     -against-

COLUMBIA STEEL, INC., *et al.*,

                    Defendants.
-------------------------------------------------------------------X

For Online Publication Only

**ORDER**
23-cv-07983-JMA-ST

**AZRACK, United States District Judge:**

      Plaintiff The LCF Group, Inc. brought this action against Defendants Columbia Steel, Inc. d/b/a Columbia Steel, Kratos Equity LLC, Champion Erectors, Inc., First Columbia Properties, LLC, Tenkey LLC, Columbia Steel Inc.-ESOP, Theisen Steel Inc., 16 Rue Grand Vallee, LLC, Casmalia2175, LLC, 627-48 Skyview, LLC, Precision Fabrication Systems LLC, Sierra Bonita Theisen, LLC, and Gustavo Theisen in the Nassau County Supreme Court alleging breach of contract. Defendants then removed the action to this Court. (ECF No. 1 ("Notice of Removal").)

      On December 15, 2024, Plaintiff moved to remand this action to state court and for attorneys' fees under 28 U.S.C. § 1447(c). (See ECF 12 ("Pl. Mot.").) On April 16, 2024, this Court referred Plaintiff's motion to Magistrate Judge Steven L. Tiscione for a Report and Recommendation ("R&R"). (See Elec. Order dated Apr. 16, 2024.)

      Before the Court today is a R&R from Judge Tiscione (ECF No. 13), which recommends that Plaintiff's motion to remand be granted and that Plaintiff's request for attorneys' fees be denied. No objections to the R&R have been filed; the time for doing so has expired. For the reasons stated below, the R&R is adopted in its entirety.

1

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b)(3); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (quoting Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); see also Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted). Clear error will be found only when, upon review of the entire record, the Court is "left with the definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quoting United States v. Garcia, 413 F.3d 201, 222 (2d Cir. 2005)).

The Court has carefully reviewed the record and the unopposed R&R for clear error and, finding none, hereby adopts Judge Tiscione's well-reasoned and thirty-three page R&R in its entirety as the opinion of the Court.

Accordingly, Plaintiff's motion to remand this action to state court is GRANTED, and Plaintiff's request for attorneys' fees is DENIED. The Clerk of Court is respectfully requested to close ECF Nos. 9, 12, 13, enter judgment, and close this case.

**SO ORDERED.**

Dated: October 3, 2024
Central Islip, New York

                                                                   /s/  JMA
                                                          JOAN M. AZRACK
                                                          UNITED STATES DISTRICT JUDGE